# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

NEAL A. LANGHART

NO. 2022 KW 1340

**DECEMBER 19, 2022**

---

In Re: Neal A. Langhart, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, Nos. 45,087, 45,286.

---

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**WRIT GRANTED.** The trial court's rulings revoking relator's bond in case number 45,087 and denying bond in case number 45,286 are reversed. Louisiana's constitution requires that "[b]efore and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great." La. Const. art. I, § 18(A). However, when a person is charged with a crime of violence as defined by La. R.S. 14:2(B), and the proof is evident and the presumption of guilt is great, he shall not be bailable if, following a contradictory hearing, the judge "finds by clear and convincing evidence that there is a substantial risk that the person may flee or poses an imminent danger to any other person or the community." La. Const. art. I, § 18 (B). In the instant case, although the state offered evidence to establish probable cause for the offenses, the state failed to offer clear and convincing evidence that there is a substantial risk that relator may flee or he poses an imminent danger to any other person or the community. Cf. **State v. Jacobs,** 2012-2737 (La. 12/20/12), 108 So.3d 757 ("Given that defendant is charged with an enumerated crime of violence and due to defendant's lengthy criminal history, including prior acts of violence against the victim of the instant case, the trial court did not abuse its discretion in granting the State's motion to hold defendant without bond."). Accordingly, this matter is remanded to the trial court to reinstate relator's original bond in case number 45,087 and to set bond in case number 45,286 unless the state proves by clear and convincing evidence that there is a substantial risk that relator may flee or poses a threat.

JMM
PMc
GH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT